IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PARIS ALANIS SAMANO,<br><br>                    Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05 CV 617 TC |

Mr. Paris Alanis-Samano plead guilty to illegal reentry of a deported alien, a violation of 8 U.S.C. §1326.  On December 1, 2004, the court sentenced Mr. Alanis-Samano to thirty-seven months in custody followed by thirty-six months of supervised release.  Mr. Alanis-Samano has filed a petition for relief pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the court DENIES the petition.

## **<u>Analysis</u>**

Mr. Alanis-Samano claims that his attorney was ineffective because he failed to object to the court's reliance on a conviction that was more than ten years old.  It appears that Mr. Alanis-Samano is referring to his conviction on January 3, 1994, for possession of a controlled substance.  (Presentence Report ("PSR") at ¶ 26).

The Sentencing Guidelines direct that "[a]ny prior sentences of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement

of the instant offense is counted.  Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.  U.S.S.G. ¶ 4A1.2(e)(1).

Mr. Alanis-Samano was convicted of the offense in 1994; he was released from incarceration (following two revocations of probation) in 1995.[1]  He received a sentence of zero to five years in prison. Clearly, then, the court appropriately counted the conviction in calculating Mr. Alanis-Samano's criminal history and Mr. Alanis-Samano's counsel was not ineffective in contesting the issue.

Accordingly, Mr. Alanis-Samano's petition is DISMISSED.[2]

DATED this 2nd day of August, 2005.

BY THE COURT:

TENA CAMPBELL
United States District Judge

---

[1]Although the execution of sentence was suspended, the Guidelines direct that the conviction must be counted.  Id. at § 4A1.2(a)(3).

[2]Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing is needed.  See 28 U.S.C. § 2255.pc